28 F.3d 1209
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert L. HOLLAND, Plaintiff-Appellant,
v.
FIRST VIRGINIA BANKS, INCORPORATED; Donald D. Brennan,
Defendants-Appellees.
Robert L. HOLLAND, Plaintiff-Appellee,
v.
FIRST VIRGINIA BANKS, INCORPORATED; Donald D. Brennan,
Defendants-Appellants.
 Nos. 92-1841, 92-1867.
 United States Court of Appeals, Fourth Circuit.
 Argued March 1, 1993.
Decided July 15, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-90-64-A)
 Jeane Goldberg, Alexandria, VA
 Gerald S. Hartman, Washington, D.C.
 Victor M. Glasberg, Alexandria, VA
 Kathleen T. Barlow, Falls Church, VA
 E.D. Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and NIEMEYER, Circuit Judge, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Following oral argument on March 1, 1993, we issued an order holding this case in abeyance pending a decision by the United States Supreme Court in Rivers v. Roadway Express, Inc., 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994), and Landgraf v. UST Film Products, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), on the question of whether the provisions of the Civil Rights Act of 1991 applied to cases pending at the time of its enactment. The Court has answered this inquiry in the negative, and we now affirm.
 
 
 2
 * Robert L. Holland brought this action in January 1990 against his former employer, First Virginia Banks, Inc. ("First Virginia"), and his former supervisor, Donald Brennan. The complaint alleged violations of Holland's rights under 42 U.S.C. Sec. 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000 et seq.; and Virginia common law, predicated on Holland's having been the victim of racial harassment at work. Holland claimed that he had been discharged and subsequently denied reemployment in retaliation for filing an EEOC claim to protest his treatment.
 
 
 3
 First Virginia moved to dismiss Holland's complaint in its entirety, arguing that Holland had failed to state a claim for relief under 42 U.S.C. Sec. 1981 in light of the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989). In Patterson the Court held that employer conduct subsequent to the formation of an employment contract is no longer actionable under section 1981. The district court denied First Virginia's motion.
 
 
 4
 Holland's section 1981 and state-law claims proceeded to trial before a jury, followed by a bench trial on the Title VII claims. In response to First Virginia's motion for a directed verdict, the district court ruled that under Patterson, Holland's claims of racial harassment and discriminatory discharge should not go to the jury, but that there was sufficient evidence to send the failure to rehire claim to the jury on the ground that the claim alleged First Virginia's refusal to make a new contract with Holland.
 
 
 5
 The jury found for First Virginia and Brennan on the state-law emotional distress claim and for Holland on the section 1981 claim. The jury awarded Holland $20,000 in actual damages, $1,000 in punitive damages against Brennan, and $500,000 in punitive damages against First Virginia. Subsequently, the district court entered findings of fact and conclusions of law in favor of Holland on his Title VII claims, and awarded Holland a total of $87,338.13 in costs and attorneys' fees. This figure included a seventy-five percent multiplier of the lodestar amount of attorneys' fees as an enhancement for the "exceptional result" obtained.
 
 
 6
 First Virginia filed alternative post-trial motions, denied by the district court, to obtain a judgment notwithstanding the verdict or a new trial, and to vacate the award of punitive damages or grant remittitur. An appeal to this court followed, in which First Virginia challenged only the propriety of sending Holland's section 1981 claim to the jury. In a per curiam opinion, we held that the district court erroneously interpreted Patterson as allowing Holland's section 1981 claim of retaliatory refusal to rehire to go to the jury. We reasoned that, under the rule announced in Patterson, section 1981 does not create a cause of action for discriminatory conduct after an employment contract is formed. Although we refused to hold that Patterson barred all refusal to rehire claims from the reach of section 1981, we declined to hold that First Virginia's refusal to rehire Holland constituted the "new and distinct relationship" contemplated by Patterson as resurrecting a section 1981 cause of action. Looking to the content of certain letters exchanged between Holland and First Virginia after the termination of Holland's employment, the panel found that no new employment relationship was being contemplated by the parties. Holland sought rehearing and rehearing en banc of the panel's decision, both of which were denied.
 
 
 7
 As noted above, First Virginia did not appeal the legality of the Title VII judgment rendered in Holland's favor by the district court. First Virginia did, however, ask this court to consider whether the district court's award to Holland of punitive damages and enhanced attorneys' fees pursuant to Title VII had been improper. Because we reversed the jury's verdict on the section 1981 claim, the punitive damage award automatically was vacated. We also vacated the award of attorneys' fees and remanded the matter to the district court for further consideration, calling the district court's attention to the fact that an "exceptional result" on the merits should not be used to provide an independent basis for increasing an attorneys' fee award. See Holland v. First Virginia Banks, Inc., No. 90-2203, slip op. at 3-8 & n. 6 (4th Cir. July 12, 1991) (per curiam).
 
 
 8
 On remand, the district court reduced its award of attorneys' fees to $51,855. First Virginia appealed on this issue separately, and oral argument was scheduled on the attorneys' fee question for March 4, 1992 in No. 91-1846.
 
 
 9
 On November 21, 1991, President Bush signed the Civil Rights Act of 1991 into law. Holland immediately moved this court to recall its mandate of July 12, 1991 in light of the new statute. We denied Holland's motion. Holland then sought a writ of certiorari in the Supreme Court, arguing that the Civil Rights Act of 1991 granted him "an absolute right to the benefit of the jury award which was taken from him" by our decision of July 12, 1991 in No. 90-2203. On February 24, 1992 the Supreme Court granted Holland's petition, vacated our decision of July 12, 1991 in No. 90-2203, and remanded the cause "for further consideration in light of the Civil Rights Act of 1991." Shortly before oral argument was to have been held on First Virginia's appeal from the district court's redetermination of its attorneys' fee award, we removed No. 91-1846 from the oral argument docket and consolidated No. 91-1846 with No. 90-2203. We then decided that both cases should be remanded to the district court to allow that tribunal to consider the retroactivity question before we acted in response to the Supreme Court's order.
 
 
 10
 The district court, in a Memorandum Opinion issued on July 13, 1992, held that sections 101 and 102 of the Civil Rights Act of 1991 (the sections at issue in this case) did not apply retroactively. The district court reasoned that every court of appeals that has dealt with the question has decided against retroactivity, and declined to follow Jaekel v. Equifax Marketing Decision Systems, Inc., No. 92-607A (E.D. Va. June 26, 1992), in which another member of the same bench held that the Act was retroactive in its application. Having concluded that the Act was not retroactive, the district court denied Holland's request for a new award of attorneys' fees as a matter of course.
 
 
 11
 This appeal followed and is now ripe for decision.
 
 II
 
 12
 On April 26, 1994, the Supreme Court in Rivers held that Sec. 101 of the 1991 Civil Rights Act, Pub.L. No. 102-166, 105 Stat. 1071, which defines the language "make and enforce contracts" as the same used in Sec. 1 of the Civil Rights Act of 1866, Rev. Stat.1977, 42 U.S.C. Sec. 1981, encompassing the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," is not applicable to acts that occurred prior to the enactment of the 1991 Civil Rights Act. The Court went on to declare that Patterson still provides the correct interpretation of the phrase "make and enforce contracts" appearing in Sec. 1981 for cases arising before November 21, 1991, the effective date of the 1991 amendment to the Act.
 
 III
 
 13
 With commendable candor, Holland's counsel now concedes that the Supreme Court's decision in Rivers, holding that Sec. 101 of the
 
 
 14
 Civil Rights Act of 1991 is not applicable to a case that arose before it was enacted, is dispositive.
 
 IV
 
 15
 The only remaining issue in the case relates to the Bank's request that the district court reverse its initial ruling on attorneys' fees. After noting that this court had already reversed its initial ruling, the district court denied the Bank's request "to the extent that it seeks to have the September 23, 1991 reduced award vacated." We have given due consideration to the Bank's arguments as set forth in its supplemental brief filed with this court, and we decline to disturb the award of attorneys' fees in the sum of $51,855. Holland, by virtue of his success on his Title VII claims, is a prevailing party. He would have been entitled to a reinstatement order, including substantial backpay, had he not been rendered unable to return to work because of an unrelated back injury sustained on the job immediately prior to his discharge. The trial judge valued the Title VII declaratory judgment higher than the Bank's Rule 68 offer of judgment, and we decline to disturb that result.
 
 V
 
 16
 For these reasons, the decision of the district court is affirmed.
 
 AFFIRMED